UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN – NORTHERN DIVISION

DENIS BERUBE, JR., individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

THE ORIGINAL BAND OF SAULT
STE. MARIE CHIPPEWA INDIANS
AND THEIR HEIRS d/b/a KEWADIN
CASINOS,

        Defendant.

Case No.    2:25-cv-00061

Hon.

---

E. Powell Miller (P39487)
Emily E. Hughes (68724)
THE MILLER LAW FIRM, P.C.
*Attorneys for Plaintiff and Putative Class*
850 W. University Drive, Suite 300
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

Gary M. Klinger (Pro Hac Vice forthcoming)
MILLBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
*Co-Counsel for Plaintiff and Putative Class*
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
(866) 252-0878
gklinger@milberg.com

Sheldon H. Klein (P41062)
Daniel V. Barnett (P82372)
Tyler A. Burk (P85077)
BUTZEL LONG, P.C.
*Attorneys for Defendants*
300 Ottawa Ave NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
klein@butzel.com
barnett@butzel.com
burkt@butzel.com

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

**NOW COMES** Defendant, by and through counsel, BUTZEL LONG, P.C., and for its Notice of Removal pursuant to 28 U.S.C. §§ 1441(c), and 1446(b), states as follows:

## NOTICE OF REMOVAL

Defendant, the Original Band of Salut Ste. Marie Chippewa Indians and their Heirs d/b/a Kewadin Casinos ("Kewadin" or "Defendant") hereby request to remove the matter titled *Denis Berube Jr v. Kewadin, Case No. 25-18118-CZ*, currently pending in 50th Judicial Circuit Court for the County of Chippewa, State of Michigan, to the United States District Court for the Western District of Michigan, Northern Division. The grounds for removal are set forth below.

## STATEMENT OF GROUNDS FOR REMOVAL

1. On or about March 4, 2025, Plaintiff, Denis Berube Jr. ("Plaintiff") commenced a civil action against Defendant, Kewadin, in the 50th Judicial Circuit Court for the County of Chippewa, State of Michigan, Case No. 25-18118-CZ (the "Circuit Court Case"). Defendant was served with the Circuit Court Case on Thursday, March 13, 2025. A copy of the Summons and Complaint, which constitute all process and pleadings received from Plaintiff in this action, and of which Kewadin has notice, are attached as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).

2. No other pleadings have been filed with the Chippewa County Circuit Court. A true and accurate copy of the Register of Actions in the Chippewa County Circuit Court is attached as **Exhibit 2**.

3. This Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1441(c), and this matter is therefore removable without regard to the citizenship or residence of the parties. As explained more fully below, this action is

"founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Id.*

4.　Defendant received the Complaint via U.S. First Class Mail on Thursday, March 13, 2025.

5.　Pursuant to 28 U.S.C. § 1446(c) and Rule 6(a) of the Federal Rules of Civil Procedure, removal is timely because this Notice of Removal was filed within 30 days after Defendant received a copy of the Complaint.

6.　Pursuant to 28 USC 1441(a), the United States District Court for the Western District of Michigan, Northern Division, is the Federal District Court embracing the place where the state court suit is pending.

7.　This matter should be removed because it could have been filed originally in this Court pursuant to 28 U.S.C. § 1331, as this Court has jurisdiction of claims arising under laws of the United States.

8.　Contemporaneously with the filing of this Notice of Removal, Defendant is providing written notice of this removal to Plaintiff's counsel and will file a copy of this Notice of Removal with the clerk of the Circuit Court, "which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

**FEDERAL QUESTION JURISDICTION**

9.　For the purposes of federal question jurisdiction, any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard

3

to the citizenship or residence of the parties. The main inquiry as to whether removal is appropriate under section 1441(c) is whether "the claim could have been brought in federal court" under federal question jurisdiction, 28 U.S.C. § 1331, which is "determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1986). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (citations omitted).

10.     In *Grable*, the United States Supreme Court held that a state-law claim may raise a federal issue, even when there is no private cause of action for the alleged violation of a federal statute:

> [T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Grable*, 545 U.S. at 310 (finding that federal jurisdiction existed when giving notice under IRS statute was an essential element of the quiet title claim, and the meaning of the statute was actually in dispute) ("The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court").

11.     The Sixth Circuit utilizes a three-part test to determine whether federal question jurisdiction exists over a state law claim:

> [A] federal question may arise out of a state law case or controversy if a plaintiff asserts a federal right that (1) involves a substantial question of federal law, (2) is framed

4

>in terms of state law, and (3) requires interpretation of federal law to resolve the case.

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 595 (6th Cir. 2004).

12. The Washington Western District Court applying *Grable* in an analogous matter held that federal question jurisdiction exists when a defendant allegedly breaches a duty of care imposed by a federal statute:

>Because it is necessary to interpret TPU's FERC license to determine the duty of care, Plaintiffs' claims implicate a substantial issue of federal law. The FPA provides a comprehensive regulatory structure and prescribes an arduous licensing procedure to establish guidelines for dam operations. TPU's thirty-six year FERC relicensing process, involving numerous federal agencies, Northwest Indian Tribes, and other stakeholders, evidences the substantiality of this regime. Plaintiffs' negligence claim necessarily requires analysis of the federal standard borne out of this process. The federal issues in this case are substantial.

*Carrington v. City of Tacoma*, 276 F. Supp. 3d 1035, 1042 (W.D. Wash. 2017).

13. Importantly, the complaint in *Carrington* alleged only state-law claims, including negligence, similar to the Complaint at issue here, and did not allow a private cause of action. *Id*. at 1039, 1043.

14. Nonetheless, the *Carrington* Court found federal question jurisdiction existed because the negligence claim was based on the interpretation of the license requirements of the Federal Energy Regulatory Commission as well as the "comprehensive regulatory structure" of the Federal Program Agency. *Id*. at 1045.

15. Here, the Complaint alleges state-law causes of action: Count I, Negligence; Count II, Negligence *Per Se*; Count III, Breach of Implied Contract; and, Count IV,

Unjust Enrichment. However, Plaintiff's primary counts of negligence are almost, if not entirely, dependent upon the interpretation of the Federal Trade Commission Act (the "FTC Act") and the regulations promulgated by the Federal Trade Commission (the "FTC"). **Exhibit 1**, Complaint: pp. 6, 12, 15, 19-21, 26, 36-39,42-43, 46, ¶¶ 24, fn. 16, 59, 75-76, 78-81, 83, 107, 149, 156, 164-68, 187-91.

16. Specifically, Plaintiff alleges that "Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits 'unfair . . . practices in or affecting commerce,' including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data." **Exhibit 1**, Complaint: p. 37, ¶ 156.

17. Accordingly, Plaintiff's Complaint involves a substantial issue of federal law to interpret whether the FTC Act and interpretations from the FTC apply to a sovereign Indigenous tribe.

18. This is especially true as Section 5 of the FTC Act only applies to "persons, partnerships, or corporations," 15 U.S.C. § 45(a)(2), and not Defendant who is a sovereign nation.

19. Federal question jurisdiction exists in this case because Plaintiff's claims are premised primarily, if not entirely, on the interpretation and application of federal statutes, agencies, and regulations.

**ALL REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

20. This Notice of Removal is filed within 30 days after Defendant received a copy of the Complaint. 28 U. S. C. § 1446(b)(l).

21. Defendant has attached "a copy of all process, pleadings, and orders served upon [them] in [the state court civil] action" as **Exhibits 1 and 2**. 28 U. S. C. § 1446(a).

22. Defendant has not sought similar relief with respect to this matter.

23. The prerequisites for removal under 28 U.S.C. §1441 have been met.

24. Defendant is serving written notice of the filing of this Notice of Removal on Plaintiff and will cause a copy of this notice to be filed with the Clerk of the 50th Judicial Circuit Court for the County of Chippewa, State of Michigan, in accordance with 28 USC 1446(d). (*See* **Exhibit 3**).

25. The allegations of this notice are true and correct, and this cause is within the jurisdiction of the United States District Court for the Western District of Michigan, Northern Division.

26. For the foregoing reasons, jurisdiction exists under 28 U.S.C. § 1441(b), and Defendant therefore removes this case from the Circuit Court to this Court.

**NON-WAIVER OF DEFENSES AND NON-ADMISSIONS OF ALLEGATIONS**

27. Nothing in this Notice of Removal shall be construed as a waiver by Defendant of any of its defenses to the claims set forth in the Complaint.

28. By removing the Circuit Court Complaint to this Court, Defendant does not admit any allegations in the Complaint and does not forfeit, waive, or abandon any defenses, including, without limitation, sovereign immunity.

**WHEREFORE,** Defendant files this Notice of Removal and thereby seeks to remove this civil action to the United States District Court for the Western District of

Michigan, Northern Division. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of said United States District Court.

                Respectfully submitted,

                BUTZEL LONG, P.C.

                /s/ Daniel V. Barnett
                Daniel V. Barnett (P82372)
                BUTZEL LONG, P.C.
                *Attorneys for Defendants*
                300 Ottawa Avenue, NW, Suite 620
                Grand Rapids, Michigan 49503
                (616) 988-5600
                barnett@butzel.com

DATED: April 10, 2025

## INDEX OF EXHIBITS

| Exhibit Number | Description |
| --- | --- |
| Exhibit 1 | Summons and Complaint with Exhibits |
| Exhibit 2 | Register of Actions |
| Exhibit 3 | Notice of Removal – 50th Circuit Court, Chippewa County |

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Notice of Removal was created using Microsoft Word, and that the Notice contains 1,601 words in the text and footnotes exclusive of the case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, and this certificate.

DATED: April 10, 2025

/s/ Daniel V. Barnett
Daniel V. Barnett (P79440)
BUTZEL LONG, P.C.
*Attorneys for Defendants*
300 Ottawa Avenue, NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
barnett@butzel.com

## CERTIFICATE OF SERVICE

On March 24, 2025, I e-filed the foregoing document with the Clerk of the Court using the CM/ECF system and sent a paper copy to Plaintiff's counsel by first class mail and email at the following address with postage prepaid:

| | |
|---|---|
| E. Powell Miller (P39487)<br>Emily E. Hughes (68724)<br>THE MILLER LAW FIRM, P.C.<br>850 W. University Drive, Suite 300<br>Rochester, Michigan 48307<br>(248) 841-2200<br>epm@millerlawpc.com<br>eeh@millerlawpc.com | Gary M. Klinger<br>MILLBERG COLEMAN BRYSON<br>PHILLIPS GROSSMAN, PLLC<br>227 W. Monroe Street, Suite 2100<br>Chicago, Illinois 60606<br>(866) 252-0878<br>gklinger@milberg.com |

DATED: April 10, 2025

/s/ Daniel V. Barnett
Daniel V. Barnett (P79440)
BUTZEL LONG, P.C.
*Attorneys for Defendants*
300 Ottawa Avenue, NW, Suite 620
Grand Rapids, Michigan 49503
(616) 988-5600
barnett@butzel.com