UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENIS BERUBE JR.,

      Plaintiff,

v.

SAULT STE. MARIE TRIBE OF
CHIPPEWA INDIANS,

      Defendant.

_____ /

CASE NO. 2:25-CV-61

HON. ROBERT J. JONKER

## ORDER OF REMAND

### INTRODUCTION

Plaintiff Denis Berube Jr. worked for the Sault Tribe and supplied his personally identifying information to his employer to facilitate the payment of wages and benefits. He claims his personally identifying information, along with the information of other current and former employees of the Sault Tribe, was stolen during a February 2025 data breach. Plaintiff faults the Sault Tribe for failing to properly secure its employees' information under various industry standards and guidance issued by the Federal Trade Commission. This lawsuit, filed on behalf of himself and others similarly situated, followed. But Plaintiff did not file in federal court, nor did he expressly allege a federal cause of action. Rather Plaintiff sued in state court alleging state law tort and quasi-contractual claims only. Defendant Sault Tribe then removed Plaintiff's Complaint to this federal court under 28 U.S.C. § 1441 and invoked the Court's federal question jurisdiction under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) by arguing that the state law claims expressly and unavoidably raise federal issues. (ECF No. 1). Soon

afterwards, Defendant filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure asserting sovereign immunity. (ECF No. 5).

Early on, the Court questioned whether Defendant's theory of federal question jurisdiction was correct. (ECF No. 3). In subsequent submissions, Defendant maintains that *Grable* does apply and it asks the Court to proceed to decide the motion to dismiss. For his part, Plaintiff opposes the motion to dismiss, but he does not otherwise contest the Court's federal question jurisdiction under the *Grable* framework. The Court disagrees with the parties' positions on *Grable*, and concludes that federal question jurisdiction is lacking. The Court has previously indicated it would only reach the Rule 12 motion if it was satisfied that the justification for subject matter jurisdiction asserted in the removal papers was correct. Because the Court concludes it is not, the Court will not proceed any further. Remand is appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

The Sault Tribe operates a group of casinos providing gaming services to customers in Michigan. (Compl. ¶ 16, ECF No. 1-1, PageID.18). For payroll, benefits, and other purposes the Sault Tribe required its employees, including Plaintiff, to provide it with their personally identifying information. Plaintiff alleges the Sault Tribe made promises and representations that the data would be kept safe, but in actuality Defendant kept the information unencrypted on its computer systems and failed to implement other common-sense measures. For example, Plaintiff alleges Defendant failed to delete the information of former employees even though it had no use for the information once the employees left Defendant's employ. (*Id.* at ¶¶ 18-21, 30).

In February 2025, Defendant was the victim of a ransomware attack. Plaintiff alleges that during the attack the Defendant's files were breached and its employees' personally identifying information was stolen. Plaintiff claims the attack succeeded, in part, because Defendant failed to

follow various guidance and industry standards that relate to securing sensitive information. Plaintiff lists a number of measures that he says Defendant should have, but did not, implement prior to the attack. (*Id.* at ¶¶ 38-39). Primarily, these standards follow from guidance issued by the Federal Trade Commission (FTC). (*Id.* at ¶¶ 75-84). The FTC is equipped by statute at 15 U.S.C. § 45 to prevent "unfair . . . practices in or affecting commerce" and while there is no private enforcement mechanism, Plaintiff contends the FTC has previously brought enforcement actions against businesses that fail to protect employee data. He further alleges that the alleged lapses in this case amount to a violation of the statute. (*Id.* at ¶¶ 79-84). Plaintiff cites industry standards from other sources too, including the NIST Cybersecurity Framework Version 2.0 and the Center for Internet Security's Critical Security Controls that have established standards in reasonable cybersecurity readiness. (*Id.* at ¶ 88). Plaintiff contends the theft of his personal identifying information has resulted, *inter alia*, in the loss and diminished value of such information, lost time, money, and opportunity spent mitigating the potential exposure.

On March 4, 2025, Plaintiff filed this case in Chippewa County Circuit Court against the Sault Tribe. On April 10, 2025, Defendant removed the matter to this Court. Recognizing that on its face the Complaint raises only state law claims, Defendant's removal papers contend that the Complaint nevertheless arises under federal law because the state law claims are entirely premised on the interpretation and application of federal statutes and regulations. (ECF No. 1, PageID.3-6). The day after Defendant removed this matter, the Court filed an Order that asked the parties to address the *Grable* test at the Rule 16 scheduling conference (ECF No. 3) and both sides have since submitted supplemental briefs. (ECF Nos. 18, 19). Defendant also filed a Rule 12 motion to dismiss asserting tribal sovereign immunity. (ECF No. 5).

3

The two separate matters—federal question jurisdiction under *Grable* and tribal sovereign immunity—led the parties to propose a modified case schedule that first would have carved out sovereign immunity from other Rule 12 motions, and then would have paused further briefing on sovereign immunity pending a decision on the jurisdictional *Grable* issue the Court had flagged. The Court denied both proposed modifications (ECF Nos. 7, 11).  As to the first proposed modification, the Court stated that unless the parties convinced the Court the *Grable* test was met, the Court would remand the matter to state court without deciding the motion to dismiss.  But as to the second proposal, the Court found no basis to pause further briefing on the motion to dismiss because whether it was this Court or the state court that decided it, the applicable issues for decision would be the same.

The matter proceeded to the Rule 16 scheduling conference.  After hearing from the parties, the Court issued an order that held off on a Case Management Order pending a decision on *Grable* and, if necessary, tribal sovereign immunity.  The matter is now ready for a decision on the threshold *Grable* jurisdictional issue the Court identified in its April 11, 2025, Order.  (ECF No. 3).

## LEGAL STANDARDS AND ANALYSIS

Removal of a state case to federal court is proper only if the underlying complaint asserts substantial federal questions, or the underlying action is between citizens of different states and the removing party is not a citizen of the forum state.  28 U.S.C. § 1441.  Federal question jurisdiction is the only possible basis for removal here.[1]  As a general matter, "for statutory purposes a case only 'arises under' federal law if a federal issue appears amid the plaintiff's cause

---

[1] In the Joint Status Report, Plaintiff also indicated the Court would have CAFA diversity subject matter jurisdiction.  Defendant did not cite CAFA as a basis for jurisdiction in the removal papers, and after further discussion at the scheduling conference Plaintiff withdrew the argument.  The Court agrees that given the Tribal Defendant in this case, there is no diversity jurisdiction. Accordingly, the *Grable* test is the pivotal question for subject matter jurisdiction.

of action." *See Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 754 (E.D. Ky. 2014) (Thapar, J.) (discussing the well-pleaded complaint rule); *see also* 13D WRIGHT, MILLER, COOPER & FREER, FEDERAL PRACTICE AND PROCEDURE § 3562 (online ed. May 21, 2025 update) (examining the meaning of "arising under").

The most common way federal question jurisdiction is established is when federal law creates the cause of action. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). But here, there is no dispute that Plaintiff did not assert any cause of action created by federal statute. The other way federal question jurisdiction may be established is if a state law claim presents a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) ("a case 'aris[e]s under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (quoting *Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28 (1983)). Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state a federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14). "These conditions are difficult to meet" and "[t]he category of cases that satisfy these requirements is 'special and small.'" *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (quoting *Bd. Of Comm'rs of Se. La. Flood Prot. Auth.-E v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir.

2017)).  Indeed, "[t]his pathway is a 'slim category,' . . . that is to be read narrowly[.]" *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1014 (6th Cir. 2018) (citations omitted).

No substantial question of federal law exists here within the meaning of *Grable*.  Defendant has failed to identify any disputed federal issue necessarily raised by any of the state law claims, let alone one actually disputed and substantial that is capable of resolution in federal court without disrupting the federal-state balance.  The gist of the defense position is Plaintiff's theory of negligence—specifically failing to use measures in accordance with FTC guidance and industry standards—amounts to a violation of the FTC Act.  As another court has found in examining an identical argument, these allegations do not satisfy the *Grable* test.  *See Jia v. Weee! Inc.*, 24 Civ. 534, 2025 WL 486940 (S.D.N.Y. Feb. 13, 2025).  In *Jia* the plaintiff sought to bring a class action against an online grocery-delivery service after the customers' personally identifying information was stolen during a data breach.  Like here, the plaintiff asserted only state law claims, including negligence.  Federal question jurisdiction based on *Grable* was the only possible jurisdictional hook.  The court in *Jia* found that under the facts of that case, the *Grable* test was not met.  The negligence claim, the court determined, "does not call into question the validity of the FTC Act or the standards governing its application.  At most, it alleges a violation of that Act as informing the theory of negligence." *Id.* at *3.  The Court went on to hold that this theory was not enough to meet the *Grable* test.  Defendant makes the identical argument that Plaintiff's state law Michigan claims are entirety dependent on the FTC Act.  But the result in *Jia* follows here.  This is not enough to bring this case within the narrow category of those cases meeting *Grable*.

Defendant cites *Carrington v. City of Tacoma*, 276 F. Supp. 3d 1035, 1042 (W.D. Wash. 2017) and *Sherr v. S.C. Elec. & Gas Co.*, 180 F. Supp. 3d 407, 417 (D.S.C. 2016) to support its position that where a federal regulation sets the appropriate standard of care for the state law claim,

6

federal issues are necessarily raised.  Both cases are further afield from this one and *Jia*, and the Court is not persuaded by their reasoning because"[w]hether Defendants complied with a standard or a certification protocol does not call into question the federal standard itself." *Wright v. 3M Co.*, No. 7:22-CV-51-REW-CJS, 2023 WL 10554445, at *3 (E.D. Ky. Mar. 28, 2023).  This reality diminishes the federal stake.  *See also Jia*, 2025 WL 486940, at *3 (citing cases with similar conclusions).

Even if Plaintiff's state law claims necessarily raise a federal issue that is actually disputed and substantial under *Grable*, the Court's exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities.  In examining this condition, the Court must consider whether exercising jurisdiction would "herald[] a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319.  That is exactly what Defendant's theory would do.  *See Jia*, 2025 WL 486940, at *4 ("[B]asing federal question jurisdiction on the fact that a state-law claim referenced the FTC Act would 'attract[ ] a horde of original filings and removal cases raising other state claims with embedded federal issues.'") (quoting *Grable*, 545 U.S. at 318).  It would convert all run-of-the-mill data breach claims into federal cases based on nothing other than federal guidance and a statute with no private cause of action.  *See id.* (lack of private cause of action is not dispositive, but is relevant in *Grable* inquiry).

## CONCLUSION

Because the *Grable* test is not met , the Court lacks subject matter jurisdiction, and this action must be remanded.  The Court does not resolve the pending motion to dismiss and leaves the issue to the State Court.

**ACCORDINGLY, IT IS ORDERED** the case is **REMANDED** to the 50th Judicial Circuit Court for the County of Chippewa, Michigan based on lack of subject matter jurisdiction.


Dated:  September 29, 2025                     /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                       UNITED STATES DISTRICT JUDGE